UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOAQUIN Q. L., | Case No. 26-cv-233 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Joaquin Q. L. is a native and citizen of Ecuador who entered the United States without inspection in January 2003. ECF No. 1 ¶¶ 28–29. He has no criminal history other than minor traffic violations. *Id.* ¶ 31. Joaquin Q. L.'s wife was the victim of a crime committed in 2017 and was later determined to be a bona fide applicant for a U visa in 2022. *Id.* ¶¶ 32–33. Joaquin Q. L. states that he was granted deferred action and employment authorization as a derivative of his wife's U-visa application. *Id.* ¶ 33.

Joaquin Q. L. was arrested by immigration officials on January 13, 2026, *id.* ¶ 35, and remains in the custody of United States Immigration and Customs Enforcement, *id.* ¶¶ 37–38. He asserts that Respondents (the "Government") have detained him pursuant to

the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 20. Joaquin Q. L. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *id.* ¶ 68, but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a), *id.* ¶ 2.

This Court has concluded that noncitizens similarly situated to Joaquin Q. L. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Joaquin Q. L. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 28.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Joaquin Q. L.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Tuesday, January 20, 2026, certifying the true cause and proper duration of Joaquin Q. L.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Joaquin Q. L.'s detention in light of the issues raised in his Petition;

      b.      A reasoned memorandum of law and fact explaining the Government's legal position on Joaquin Q. L.'s claims;

      c.      The Government's recommendation on whether an evidentiary hearing should be conducted; and

      d.      A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*;

3. If Joaquin Q. L. intends to file a reply to the Government's answer, he must do so on or before Friday, January 23, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ORDERED** to provide notice to Joaquin Q. L. and this Court of its intention to move Joaquin Q. L. outside this District no less than 72 hours before any such movement is to be effected; and

6. The Government is **ORDERED** not remove Joaquin Q. L. from the United States during the pendency of these proceedings.

Dated: *DRAFT*                                 *s/Laura M. Provinzino*
Time: 11:27 a.m.                        Laura M. Provinzino
                                           United States District Judge

---

[1] The Court reserves the right to grant the Petition before Joaquin Q. L. files his reply brief if the Government's response plainly demonstrates that he is entitled to relief.