# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOAQUIN Q. L., | Case No. 26-cv-233 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Cameron Lane Youngs Giebink, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**; and Jesus Cruz Rodriguez, **United States Attorney's Office, Lawton, OK**, for Respondents.

On January 13, 2026, Petitioner Joaquin Q. L. filed a petition for a writ of habeas corpus challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). ECF No. 1 (the "Petition"). Having considered the legal issues raised in the Petition and the response by Respondents (the "Government"), ECF No. 5, the Court concludes that the Government has not demonstrated a lawful basis to detain Joaquin Q. L. and grants the Petition.

## BACKGROUND

Petitioner Joaquin Q. L. is a native and citizen of Ecuador who entered the United States without inspection in January 2003. ECF No. 1 ¶¶ 28–29. He has no criminal history other than minor traffic violations. *Id.* ¶ 31. Joaquin Q. L.'s wife was the victim of a crime committed in 2017 and was later determined to be a bona fide applicant for a U visa in 2022. *Id.* ¶¶ 32–33. Joaquin Q. L. was granted deferred action and employment authorization as a derivative of his wife's U-visa application. *Id.* ¶ 33.

Joaquin Q. L. was arrested by immigration officials on January 13, 2026, and remains in ICE custody. *Id.* ¶¶ 35, 37–38. Joaquin Q. L. filed his Petition the same day and, at that time, was being held in ICE custody in Minnesota. *Id.* ¶ 38. He asserts that the Government has detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 20. Joaquin Q. L. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *id.* ¶¶ 20, 68, but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.* ¶ 2. He further asserts that the Government has not, to date, presented him with an administrative warrant justifying his detention under 8 U.S.C. § 1226(a), which he argues requires his immediate release from custody. *See id.* ¶¶ 2–4, 36; ECF No. 7 at 2–3.

On January 14, 2026, the Court ordered the Government to answer the Petition by January 20, 2026. ECF No. 3.[1] The Court noted that it has already found similarly situated

---

[1]   The Court entered an amended order to show cause one day after entering the original order to correct a scrivener's error. *See* ECF No. 4. The two orders otherwise are substantively identical.

noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id.* at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)). Accordingly, the Court ordered the Government to provide, among other things, a "good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*" *Id.* at 2–3. The Court also ordered the Government to "provide notice to Joaquin Q. L. and this Court of its intention to move Joaquin Q. L. outside this District no less than 72 hours before any such movement is to be effected." *Id.* at 3.

The Court entered the order to show cause at 11:27 a.m. on January 14, 2026. *Id.* Nevertheless, the Government moved Joaquin Q. L. out of Minnesota to El Paso, Texas, at 5:12 p.m. that evening "for bed space decompression." ECF No. 6 ¶ 6. ICE represents that at the time Joaquin Q. L. was removed to Texas, it "was not aware of any habeas petition filed on [Joaquin Q. L.'s] behalf nor any order for [him] not to be transferred." *Id.* As best the Court can discern, Joaquin Q. L. remains detained in Texas as of the date of this Order.

The Government timely filed its answer to Joaquin Q. L.'s Petition on January 20, 2026, ECF No. 5, and Joaquin Q. L. filed a reply to the Government's answer the same day, ECF No. 7.

3

## ANALYSIS

The Government concedes that Joaquin Q. L. "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5. Nonetheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Joaquin Q. L.'s] habeas petition." *Id.*

Given the Government's candid acknowledgement that the issues raised in Joaquin Q. L.'s Petition are not distinguishable from those addressed in this Court's prior decisions, the Court concludes that Joaquin Q. L. is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions of Section 1226(a) for the same reasons articulated in this Court's prior orders. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

Joaquin Q. L. points out in his reply, however, that the Government did not address Joaquin Q. L.'s argument that if he is subject to the provisions of Section 1226(a), the proper remedy is his immediate release from custody because the Government has not presented Joaquin Q. L. with an administrative warrant justifying his detention. *See* ECF No. 7 at 2–3.

This Court has not addressed this precise issue in its prior orders, but several judges in this District recently have concluded that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (Tostrud, J.) (quoting *Chogllo Chafla v. Scott*, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11

4

(D. Me. Sept. 21, 2025)); *see Brian P. N. v. Bondi*, No. 26-cv-39 (KMM/DLM), ECF No. 14 at 2 (D. Minn. Jan. 21, 2026) (Menendez, J.); *Diego L. v. Bondi*, No. 26-cv-382 (JMB/DJF), 2026 WL 145206, at *3 (D. Minn. Jan. 20, 2026) (Bryan, J.); *Alex G. C. v. Bondi*, No. 26-cv-271 (NEB/EMB), ECF No. 7 at 5 (D. Minn. Jan. 17, 2026) (Brasel, J.); *Juan R. v. Bondi*, No. 26-cv-252 (SRN/DTS), 2026 WL 125255, at *2–3 (D. Minn. Jan. 16, 2026) (Nelson, J.); *Juan S. R. v. Bondi*, No. 25-cv-5 (PJS/LIB), ECF No. 8 at 3–4 (D. Minn. Jan. 12, 2026) (Schiltz, C. J.).  This is because Section 1226 provides that an alien may be arrested and detained "*[o]n a warrant issued by the Attorney General.*"  8 U.S.C. § 1226(a) (emphasis added).  Consequently, "[i]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Ahmed M.*, 2026 WL 25627, at *3 (quoting *Chogllo Chafla*, 2025 WL 2688541, at *11); *accord Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (holding that Section 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025).

Here, as in *Ahmed M.*, Joaquin Q. L. demanded his "immediate release to the extent that Respondents justify his detention on 8 U.S.C. § 1226(a), unless Respondents are able to produce an administrative warrant of arrest . . . which is plainly required for detention."  ECF No. 1 ¶ 69; *see Ahmed M.*, 2026 WL 25627, at *3.  The Government has not produced a warrant, nor has it advanced any argument that justifies Joaquin Q. L.'s detention under Section 1226(a) without a warrant.  *See generally* ECF No. 5.  The Court is left with no

5

other conclusion than that the Government has failed to "establish the lawfulness" of Joaquin Q. L.'s detention. ECF No. 3 at 2.

"'[R]elease is an available and appropriate remedy' for 'detention that lacks a lawful predicate.'" *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), ECF No. 9 at 6 (D. Minn. Dec. 19, 2025) (Blackwell, J.) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Since the Government did not comply with the plain language of section 1226(a), [Joaquin Q. L.'s] immediate release is justified." *Chogllo Chafla*, 2025 WL 2688541, at *11; *see Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy is, of course, release." (internal citation omitted)).

There is one final matter that the Court must address: the Government moving Joaquin Q. L. outside this District in violation of this Court's order. ICE represents that when it moved Joaquin Q. L. to Texas, it "was not aware of any habeas petition filed on [Joaquin Q. L.'s] behalf nor any order for [him] not to be transferred." ECF No. 6 ¶ 6. Frankly, that is difficult to believe.[2] The Court ordered the Government not to move Joaquin Q. L. outside this District without providing 72 hours' advance notice to Joaquin Q. L. and this Court. ECF No. 3 at 3. This Court's order issued at 11:27 a.m. on January 14, 2026. *Id.* He was nevertheless moved nearly six hours later. ECF No. 6 ¶ 6 (stating that Joaquin Q. L. was placed on a flight to Texas that departed at 5:12 p.m.). And it was not

---

[2] It also is not relevant: a judicial order generally becomes effective "when filed and docketed." *Georcely v. Ashcroft*, 375 F.3d 45, 48 (1st Cir. 2004). The Court's show-cause order was filed and docketed on January 14 at 11:27 a.m., and it became effective and enforceable at that time.

6

until the Government filed its answer—six days later—that the Government informed the Court that it had moved Joaquin Q. L. to Texas. *See id.* It is also troubling that ICE purports not to have known that Joaquin Q. L. filed his Petition in the first place, given that it was filed more than 24 hours before he was moved. *See* ECF No. 1.

It should go without saying that this Court expects—indeed, demands—compliance with its orders. That is true for any party before the Court but especially so when the party is an agency of the United States. This Court expects that if ICE intends to remove a noncitizen detainee from this District, for whatever reason, it should—*at a minimum*—confirm that this Court has not placed restrictions on the detainee's movement. These are matters of public record, and ignorance of such orders is not acceptable.

Even worse is that the Government merely reports its error to the Court without specifying any steps it has taken to rectify that error. ICE candidly acknowledges that it moved Joaquin Q. L. in violation of the Court's order. But ICE, at the very least, could have offered to return Joaquin Q. L.—or just done so. It did neither of those things. So, if the Government will not make things right, this Court will.

Accordingly, the Court orders the Government to return Joaquin Q. L. to Minnesota immediately as a remedy for violating the Court's show-cause order. After his return, Joaquin Q. L. must be immediately released from custody. No later than Monday, January 26, 2026, the Government must file a status report certifying its compliance with this Order.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Joaquin Q. L.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** immediately to return Joaquin Q. L. to Minnesota;

3. After returning Joaquin Q. L. to Minnesota, the Government is **ORDERED** immediately to release Joaquin Q. L. from custody; and

4. No later than January 26, 2026, the Government is **ORDERED** to file a status report certifying its compliance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 21, 2026            *s/Laura M. Provinzino*
                                                   Laura M. Provinzino
                                                   United States District Judge